## H. STRUCKMAN *v.* THE STATE.

1. BURGLARY.—Indictment, framed under art. 712 of the Revised Penal Code, charged burglary with intent to commit theft, and also theft committed after the burglarious entry, and the State adduced evidence to prove both offences. *Held*, that the jury should have been instructed upon the law of theft as well as on that of burglary.

2. CHARGE OF THE COURT.—When the inculpatory evidence is purely circumstantial, the charge to the jury must expound the nature and cogency of that character of proof.

APPEAL from the District Court of Fayette.     Tried below before the Hon. L. W. MOORE.

The opinion sufficiently indicates the case.

*Timmons & Brown*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.·  The indictment charges that the appellant in the night-time entered a certain storehouse described in the indictment, with intent to commit theft therefrom, with apparently appropriate averments, and proceeds to charge the commission of the theft for which the burglarious entry is averred, by taking from the storehouse one sewing-machine of the Wilson improved patent, of the value of $40, and one five-shooting pistol of the value of $15, without the consent of the owner, and with intent, etc.   The offence of burglary is defined in art. 704 of the Penal Code, *et seq.*

Art. 712 provides that " if a house be entered in such manner as that the entry comes within the definition of burglary, and the person guilty of such burglary shall, after so entering, commit theft, or any other offence, he shall be punished for burglary, and also for whatever other offence is so committed."   Whether a conviction for that other offence can be had on the indictment charging burglary and

the other offence, is a question not raised in the present case. From the indictment and the evidence in the case, the intent to commit theft of the sewing-machine and pistol was a material subject of investigation, which made it incumbent on the court to give the jury such instructions as were necessary for them to determine whether the intent to commit the theft alleged in the indictment had been proved or not. This was, we are of opinion, a necessary part of the law of the case. *Simms* v. *The State*, 2 Texas Ct. App. 110.

We are further of opinion that, inasmuch as the evidence in the case was wholly circumstantial, the jury should have been instructed as to the nature and conclusiveness of that character of testimony, to warrant a conviction upon it. *Hunt* v. *The State*, *ante*, p. 212, where the authorities are collected and reviewed.

The objections to the indictment in the defendant's motion in arrest of judgment were not well taken at that stage of the proceedings, and were properly overruled.

Because the court erred in not defining the offence of theft, and because of a failure to give an appropriate charge on circumstantial evidence, the judgment must be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*